# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| OSWAIN BRENTNOL WALCOTT, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 4:12-CV-259- CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, *et al.* | : | |
| Respondents. | : | |

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' Motion to Dismiss, filed on April 2, 2013. (ECF No. 12.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the Board of Immigration Appeals' ("BIA") decision that he be deported, as well as the legality of his continued detention by the Immigration and Customs Enforcement Agency ("ICE"). (Pet. for Writ of Habeas Corpus 4, ECF No. 1.) Along with their Motion to Dismiss, Respondents filed a Warrant of Removal/Deportation (ECF No. 12-1) showing that Petitioner was removed from the United States on March 15, 2013. (*See* Mot. to Dismiss, Ex. A.) Because of Petitioner's removal, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Mot. to Dismiss 1-2.) The Court agrees and recommends dismissal of this case as moot.

## I. Mootness

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336. As such, it is recommended that Respondents' Motion to Dismiss be granted and this case be dismissed.

## II. Lack of Jurisdiction

As to Petitioner's claims against the BIA, where he is challenging the Court's order of removal, it is further recommended that Petitioner's case be dismissed for lack of jurisdiction. Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances. *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review.").

In this case, there is a final order of removal and Petitioner is contesting factual determinations made concerning that final order of removal. Pursuant to the REAL ID Act, however, this Court lacks jurisdiction to hear Petitioner's claim. Because Petitioner is directly challenging his final order of removal through his application for habeas relief, it is recommended that Petitioner's case be dismissed for a lack of jurisdiction.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 8th day of April, 2013.

S/Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE